1   ARNOLD E. SKLAR (SBN 51595)
    ALAN J. HART (SBN 278645)
2   **ROPERS, MAJESKI, KOHN & BENTLEY**
    515 South Flower Street, Suite 1100
3   Los Angeles, California  90071-2213
    Telephone:   (213) 312-2000
4   Facsimile:   (213) 312-2001
    Email:       asklar@rmkb.com
5   Email:       ahart@rmkb.com

6   ALLAN E. ANDERSON (SBN 133672)
    **ARENT FOX LLP | Attorneys at Law**
7   Gas Company Tower
    555 West Fifth Street, 48th Floor
8   Los Angeles, California 90013
    213.443.7683 Direct | 213.629.7401 Facsimile
9   allan.anderson@arentfox.com | www.arentfox.com

10
    Attorneys for Defendants/Counter-Claimants UNDER
11  ARMOUR, INC.; FINISH LINE, INC.; FOOT
    LOCKER, INC.; NORDSTROM, INC.; DICK'S
12  SPORTING GOODS, INC.; CHAMPS SPORTS;
    SPORT CHALET, INC.; ZAPPOS IP, INC.; ZAPPOS
13  RETAIL, INC.; BACKCOUNTRY.COM, INC.;
    ROGAN'S SHOES, INC.; ROAD RUNNER SPORTS
14  RETAIL, INC.; MONKEYSPORTS, INC.;
    HOLABIRD SPORTS, LLC; EASTBAY, INC.

15

16                  **UNITED STATES DISTRICT COURT**

17                  **CENTRAL DISTRICT OF CALIFORNIA**

18

19  GRAVITY DEFYER CORPORATION,       CASE NO.  CV13-01842 JAK (JCGx)
    a California corporation,
20                                    *Hon. John A. Kronstadt –*
             Plaintiff,               *Courtroom 750*
21
    v.                                **AMENDED ANSWER TO**
22                                    **PLAINTIFF'S SECOND**
    UNDER ARMOUR, INC., et al.,       **AMENDED COMPLAINT**
23
             Defendants,             **DEMAND FOR JURY TRIAL**
24

25  AND RELATED COUNTER-CLAIM

26

27  / / /

28  / / /

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    In accordance with the Court's Order dated April 23, 2014, Defendants
2    UNDER ARMOUR, INC. ("Under Armour"), THE FINISH LINE, INC. ("Finish
3    Line"), FOOT LOCKER, INC. ("Foot Locker"), NORDSTROM, INC.
4    ("Nordstrom"), DICK'S SPORTING GOODS, INC. ("Dick's"), CHAMPS SPORTS
5    ("Champs Sports" sued erroneously as Champ Sports Inc.), SPORT CHALET,
6    INC. ("Sport Chalet"), ZAPPOS IP, INC. ("Zappos IP"), ZAPPOS RETAIL, INC.
7    ("Zappos Retail"),  BACKCOUNTRY.COM, INC. ("BackCountry.com"),
8    ROGAN'S SHOES, INC. ("Rogan's Shoes"), ROAD RUNNER SPORTS
9    RETAIL, INC. ("Road Runner Sports"), MONKEYSPORTS, INC.
10   ("MonkeySports"), HOLABIRD SPORTS, LLC ("Holabird"), EASTBAY, INC.
11   ("Eastbay") (collectively referred herein as "Defendants") amend their Answer to
12   Plaintiff's Second Amended Complaint and respond as follows:
13        1.       Defendants admit Paragraph 1.
14        2.       Defendants deny Paragraph 2 for lack of information and belief.
15        3.       Under Armour admits Paragraph 3.
16   Finish Line denies Paragraph 3 for lack of information and belief.
17   Foot Locker denies Paragraph 3 for lack of information and belief.
18   Nordstrom denies Paragraph 3 for lack of information and belief.
19   Dick's denies Paragraph 3 for lack of information and belief.
20   Champs Sports denies Paragraph 3 for lack of information and belief.
21   Sport Chalet denies Paragraph 3 for lack of information and belief.
22   Zappos Retail denies Paragraph 3 for lack of information and belief.
23   Zappos IP denies Paragraph 3 for lack of information and belief.
24   BackCountry.com denies Paragraph 3 for lack of information and belief.
25   Rogan's Shoes denies Paragraph 3 for lack of information and belief.
26   Road Runner Sports denies Paragraph 3 for lack of information and belief.
27   MonkeySports denies Paragraph 3 for lack of information and belief.
28   Holabird denies Paragraph 3 for lack of information and belief.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   Eastbay denies Paragraph 3 for lack of information and belief.

2      4.      Under Armour denies Paragraph 4 for lack of information and belief.

3      Finish Line admits that it is a corporation organized and existing under the

4   laws of the State of Indiana, but denies having offices at 1719 English Ave.,

5   Indianapolis, IN 46201.

6      Foot Locker denies Paragraph 4 for lack of information and belief.

7      Nordstrom denies Paragraph 4 for lack of information and belief.

8      Dick's denies Paragraph 4 for lack of information and belief.

9      Champs Sports denies Paragraph 4 for lack of information and belief.

10     Sport Chalet denies Paragraph 4 for lack of information and belief.

11     Zappos Retail denies Paragraph 4 for lack of information and belief.

12     Zappos IP denies Paragraph 4 for lack of information and belief.

13     BackCountry.com denies Paragraph 4 for lack of information and belief.

14     Rogan's Shoes denies Paragraph 4 for lack of information and belief.

15     Road Runner Sports denies Paragraph 4 for lack of information and belief.

16     MonkeySports denies Paragraph 4 for lack of information and belief.

17     Holabird denies Paragraph 4 for lack of information and belief.

18     Eastbay denies Paragraph 4 for lack of information and belief.

19     5.      Under Armour denies Paragraph 5 for lack of information and belief.

20     Finish Line denies Paragraph 5 for lack of information and belief.

21     Foot Locker admits Paragraph 5.

22     Nordstrom denies Paragraph 5 for lack of information and belief.

23     Dick's denies Paragraph 5 for lack of information and belief.

24     Champs Sports denies Paragraph 5 for lack of information and belief.

25     Sport Chalet denies Paragraph 5 for lack of information and belief.

26     Zappos Retail denies Paragraph 5 for lack of information and belief.

27     Zappos IP denies Paragraph 5 for lack of information and belief.

28     BackCountry.com denies Paragraph 5 for lack of information and belief.

AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1    Rogan's Shoes denies Paragraph 5 for lack of information and belief.

2    Road Runner Sports denies Paragraph 5 for lack of information and belief.

3    MonkeySports denies Paragraph 5 for lack of information and belief.

4    Holabird denies Paragraph 5 for lack of information and belief.

5    Eastbay denies Paragraph 5 for lack of information and belief.

6         6.      Under Armour denies Paragraph 6 for lack of information and belief.

7    Finish Line denies Paragraph 6 for lack of information and belief.

8    Foot Locker denies Paragraph 6 for lack of information and belief.

9    Nordstrom admits Paragraph 6.

10   Dick's denies Paragraph 6 for lack of information and belief.

11   Champs Sports denies Paragraph 6 for lack of information and belief.

12   Sport Chalet denies Paragraph 6 for lack of information and belief.

13   Zappos Retail denies Paragraph 6 for lack of information and belief.

14   Zappos IP denies Paragraph 6 for lack of information and belief.

15   BackCountry.com denies Paragraph 6 for lack of information and belief.

16   Rogan's Shoes denies Paragraph 6 for lack of information and belief.

17   Road Runner Sports denies Paragraph 6 for lack of information and belief.

18   MonkeySports denies Paragraph 6 for lack of information and belief.

19   Holabird denies Paragraph 6 for lack of information and belief.

20   Eastbay denies Paragraph 6 for lack of information and belief.

21        7.      Under Armour denies Paragraph 7 for lack of information and belief.

22   Finish Line denies Paragraph 7 for lack of information and belief.

23   Foot Locker admits Paragraph 7.

24   Nordstrom denies Paragraph 7 for lack of information and belief.

25   Dick's admits Paragraph 7.

26   Champs Sports denies Paragraph 7 for lack of information and belief.

27   Sport Chalet denies Paragraph 7 for lack of information and belief.

28   Zappos Retail denies Paragraph 7 for lack of information and belief.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    Zappos IP denies Paragraph 7 for lack of information and belief.

2    BackCountry.com denies Paragraph 7 for lack of information and belief.

3    Rogan's Shoes denies Paragraph 7 for lack of information and belief.

4    Road Runner Sports denies Paragraph 7 for lack of information and belief.

5    MonkeySports denies Paragraph 7 for lack of information and belief.

6    Holabird denies Paragraph 7 for lack of information and belief.

7    Eastbay denies Paragraph 7 for lack of information and belief.

8    8.      Under Armour denies Paragraph 8 for lack of information and belief.

9    Finish Line denies Paragraph 8 for lack of information and belief.

10   Foot Locker denies Paragraph 8 for lack of information and belief.

11   Nordstrom denies Paragraph 8 for lack of information and belief.

12   Dick's denies Paragraph 8 for lack of information and belief.

13   Champs Sports denies Paragraph 8.

14   Sport Chalet denies Paragraph 8 for lack of information and belief.

15   Zappos Retail denies Paragraph 8 for lack of information and belief.

16   Zappos IP denies Paragraph 8 for lack of information and belief.

17   BackCountry.com denies Paragraph 8 for lack of information and belief.

18   Rogan's Shoes denies Paragraph 8 for lack of information and belief.

19   Road Runner Sports denies Paragraph 8 for lack of information and belief.

20   MonkeySports denies Paragraph 8 for lack of information and belief.

21   Holabird denies Paragraph 8 for lack of information and belief.

22   Eastbay denies Paragraph 8 for lack of information and belief.

23   9.      Under Armour denies Paragraph 9 for lack of information and belief.

24   Finish Line denies Paragraph 9 for lack of information and belief.

25   Foot Locker denies Paragraph 9 for lack of information and belief.

26   Nordstrom denies Paragraph 9 for lack of information and belief.

27   Dick's denies Paragraph 9 for lack of information and belief.

28   Champs Sports denies Paragraph 9 for lack of information and belief.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    Sport Chalet denies that it is a corporation organized and existing under the

2    laws of California, and admits it has offices at 1 Sport Chalet Drive, La Canada,

3    California.

4        Zappos Retail denies Paragraph 9 for lack of information and belief.

5        Zappos IP denies Paragraph 9 for lack of information and belief.

6        BackCountry.com denies Paragraph 9 for lack of information and belief.

7        Rogan's Shoes denies Paragraph 9 for lack of information and belief.

8        Road Runner Sports denies Paragraph 9 for lack of information and belief.

9        MonkeySports denies Paragraph 9 for lack of information and belief.

10       Holabird denies Paragraph 9 for lack of information and belief.

11       Eastbay denies Paragraph 9 for lack of information and belief.

12       10.    Under Armour denies Paragraph 10 for lack of information and belief.

13       Finish Line denies Paragraph 10 for lack of information and belief.

14       Foot Locker denies Paragraph 10 for lack of information and belief.

15       Nordstrom denies Paragraph 10 for lack of information and belief.

16       Dick's denies Paragraph 10 for lack of information and belief.

17       Champs Sports denies Paragraph 10 for lack of information and belief.

18       Sport Chalet denies Paragraph 10 for lack of information and belief.

19       Zappos Retail denies Paragraph 10 for lack of information and belief.

20       Zappos IP denies Paragraph 10 for lack of information and belief.

21       BackCountry.com denies Paragraph 10 for lack of information and belief.

22       Rogan's Shoes denies Paragraph 10 for lack of information and belief.

23       Road Runner Sports denies Paragraph 10 for lack of information and belief.

24       MonkeySports denies Paragraph 10 for lack of information and belief.

25       Holabird denies Paragraph 10 for lack of information and belief.

26       Eastbay denies Paragraph 10 for lack of information and belief.

27       11.    Under Armour denies Paragraph 11 for lack of information and belief.

28       Finish Line denies Paragraph 11 for lack of information and belief.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   Foot Locker denies Paragraph 11 for lack of information and belief.

2   Nordstrom denies Paragraph 11 for lack of information and belief.

3   Dick's denies Paragraph 11 for lack of information and belief.

4   Champs Sports denies Paragraph 11 for lack of information and belief.

5   Sport Chalet denies Paragraph 11 for lack of information and belief.

6   Zappos Retail admits paragraph 11.

7   Zappos IP admits paragraph 11.

8   BackCountry.com denies Paragraph 11 for lack of information and belief.

9   Rogan's Shoes denies Paragraph 11 for lack of information and belief.

10  Road Runner Sports denies Paragraph 11 for lack of information and belief.

11  MonkeySports denies Paragraph 11 for lack of information and belief.

12  Holabird denies Paragraph 11 for lack of information and belief.

13  Eastbay denies Paragraph 11 for lack of information and belief.

14  12.     Under Armour denies Paragraph 12 for lack of information and belief.

15  Finish Line denies Paragraph 12 for lack of information and belief.

16  Foot Locker denies Paragraph 12 for lack of information and belief.

17  Nordstrom denies Paragraph 12 for lack of information and belief.

18  Dick's denies Paragraph 12 for lack of information and belief.

19  Champs Sports denies Paragraph 12 for lack of information and belief.

20  Sport Chalet denies Paragraph 12 for lack of information and belief.

21  Zappos Retail denies Paragraph 12 for lack of information and belief.

22  Zappos IP denies Paragraph 12 for lack of information and belief.

23  BackCountry.com admits Paragraph 12.

24  Rogan's Shoes denies Paragraph 12 for lack of information and belief.

25  Road Runner Sports denies Paragraph 12 for lack of information and belief.

26  MonkeySports denies Paragraph 12 for lack of information and belief.

27  Holabird denies Paragraph 12 for lack of information and belief.

28  Eastbay denies Paragraph 12 for lack of information and belief.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

13.     Under Armour denies Paragraph 13 for lack of information and belief.

Finish Line denies Paragraph 13 for lack of information and belief.

Foot Locker denies Paragraph 13 for lack of information and belief.

Nordstrom denies Paragraph 13 for lack of information and belief.

Dick's denies Paragraph 13 for lack of information and belief.

Champs Sports denies Paragraph 13 for lack of information and belief.

Sport Chalet denies Paragraph 13 for lack of information and belief.

Zappos Retail denies Paragraph 13 for lack of information and belief.

Zappos IP denies Paragraph 13 for lack of information and belief.

BackCountry.com denies Paragraph 13 for lack of information and belief.

Rogan's Shoes admits Paragraph 13.

Road Runner Sports denies Paragraph 13 for lack of information and belief.

MonkeySports denies Paragraph 13 for lack of information and belief.

Holabird denies Paragraph 13 for lack of information and belief.

Eastbay denies Paragraph 13 for lack of information and belief.

14.     Under Armour denies Paragraph 14 for lack of information and belief.

Finish Line denies Paragraph 14 for lack of information and belief.

Foot Locker denies Paragraph 14 for lack of information and belief.

Nordstrom denies Paragraph 41 for lack of information and belief.

Dick's denies Paragraph 14 for lack of information and belief.

Champs Sports denies Paragraph 14 for lack of information and belief.

Sport Chalet denies Paragraph 14 for lack of information and belief.

Zappos Retail denies Paragraph 14 for lack of information and belief.

Zappos IP denies Paragraph 14 for lack of information and belief.

BackCountry.com denies Paragraph 14 for lack of information and belief.

Rogan's Shoes denies Paragraph 14 for lack of information and belief.

Road Runner Sports admits Paragraph 14.

MonkeySports denies Paragraph 14 for lack of information and belief.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1    Holabird denies Paragraph 14 for lack of information and belief.

2    Eastbay denies Paragraph 14 for lack of information and belief.

3    15.    Under Armour denies Paragraph 15 for lack of information and belief.

4    Finish Line denies Paragraph 15 for lack of information and belief.

5    Foot Locker denies Paragraph 15 for lack of information and belief.

6    Nordstrom denies Paragraph 15 for lack of information and belief.

7    Dick's denies Paragraph 15 for lack of information and belief.

8    Champs Sports denies Paragraph 15 for lack of information and belief.

9    Sport Chalet denies Paragraph 15 for lack of information and belief.

10   Zappos Retail denies Paragraph 15 for lack of information and belief.

11   Zappos IP denies Paragraph 15 for lack of information and belief.

12   BackCountry.com denies Paragraph 15 for lack of information and belief.

13   Rogan's Shoes denies Paragraph 15 for lack of information and belief.

14   Road Runner Sports denies Paragraph 15 for lack of information and belief.

15   MonkeySports admits Paragraph 15.

16   Holabird denies Paragraph 15 for lack of information and belief.

17   Eastbay denies Paragraph 15 for lack of information and belief.

18   16.    Under Armour denies Paragraph 16 for lack of information and belief.

19   Finish Line denies Paragraph 16 for lack of information and belief.

20   Foot Locker denies Paragraph 16 for lack of information and belief.

21   Nordstrom denies Paragraph 16 for lack of information and belief.

22   Dick's denies Paragraph 16 for lack of information and belief.

23   Champs Sports denies Paragraph 16 for lack of information and belief.

24   Sport Chalet denies Paragraph 16 for lack of information and belief.

25   Zappos Retail denies Paragraph 16 for lack of information and belief.

26   Zappos IP denies Paragraph 16 for lack of information and belief.

27   BackCountry.com denies Paragraph 16 for lack of information and belief.

28   Rogan's Shoes denies Paragraph 16 for lack of information and belief.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   Road Runner Sports denies Paragraph 16 for lack of information and belief.

2   MonkeySports denies Paragraph 16 for lack of information and belief.

3   Holabird admits Paragraph 16.

4   Eastbay denies Paragraph 16 for lack of information and belief.

5   17.   Under Armour denies Paragraph 17 for lack of information and belief.

6   Finish Line denies Paragraph 17 for lack of information and belief.

7   Foot Locker denies Paragraph 17 for lack of information and belief.

8   Nordstrom denies Paragraph 17 for lack of information and belief.

9   Dick's denies Paragraph 17 for lack of information and belief.

10  Champs Sports denies Paragraph 17 for lack of information and belief.

11  Sport Chalet denies Paragraph 17 for lack of information and belief.

12  Zappos Retail denies Paragraph 17 for lack of information and belief.

13  Zappos IP denies Paragraph 17 for lack of information and belief.

14  BackCountry.com denies Paragraph 17 for lack of information and belief.

15  Rogan's Shoes denies Paragraph 17 for lack of information and belief.

16  Road Runner Sports denies Paragraph 17 for lack of information and belief.

17  MonkeySports denies Paragraph 17 for lack of information and belief.

18  Holabird denies Paragraph 17 for lack of information and belief.

19  Eastbay admits that it is a corporation organized and existing under the laws

20  of the State of Wisconsin, but denies that it has offices at 8040 Excelsior Drive,

21  Suite 200 Madison, Wisconsin 53717 USA.

22  18.   Defendants deny Paragraph 18 for lack of information and belief.

23  19.   Defendants Admit Paragraph 19.

24  20.   Under Armour admits solely as to itself, and solely for purposes of this

25  case, venue in this judicial district but denies that it committed acts of infringement

26  in this district or that it "resides" here.

27  Finish Line solely as to itself, and solely for purposes of this case, admits

28  venue in this judicial district but denies that it committed acts of infringement in

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

this district or that it "resides" here.

Foot Locker solely as to itself, and solely for purposes of this case, admits venue in this judicial district but denies that it committed acts of infringement in this district or that it "resides" here.

Nordstrom solely as to itself, and solely for purposes of this case, admits venue in this judicial district but denies that it committed acts of infringement in this district or that it "resides" here.

Dick's solely as to itself, and solely for purposes of this case, admits venue in this judicial district but denies that it committed acts of infringement in this district or that it "resides" here.

Champs Sports solely as to itself, and solely for purposes of this case, admits venue in this judicial district but denies that it committed acts of infringement in this district or that it "resides" here.

Sport Chalet solely as to itself admits venue in this judicial district and that it "resides" here, but denies that it committed acts of infringement in this district.

Zappos Retail solely as to itself, and solely for purposes of this case, admits venue in this judicial district but denies that it committed acts of infringement in this district or that it "resides" here.

Zappos IP solely as to itself, and solely for purposes of this case, admits venue in this judicial district but denies that it committed acts of infringement in this district or that it "resides" here.

BackCountry.com solely as to itself, and solely for purposes of this case, admits venue in this judicial district but denies that it committed acts of infringement in this district or that it "resides" here.

Rogan's Shoes solely as to itself, and solely for purposes of this case, admits venue in this judicial district but denies that it committed acts of infringement in this district or that it "resides" here.

Road Runner Sports solely as to itself admits venue in this judicial district

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

but denies that it committed acts of infringement in this district.

MonkeySports solely as to itself admits venue in this judicial district and that it "resides" here, but denies that it committed acts of infringement in this district.

Holabird solely as to itself, and solely for purposes of this case, admits venue in this judicial district but denies that it committed acts of infringement in this district or that it "resides" here.

Eastbay solely as to itself, and solely for purposes of this case, admits venue in this judicial district but denies that it committed acts of infringement in this district or that it "resides" here.

21.   Defendants deny each and every allegation of Paragraph 21 for lack of information and belief.

22.   Defendants deny each and every allegation of Paragraph 22 for lack of information and belief.

23.   Defendants deny each and every allegation of Paragraph 23 for lack of information and belief.

24.   Defendants admit that Trademark Registration No. 3749223 has been issued in the name of plaintiff, but do not admit the validity of said registration. Defendants also admit that Trademark Registration No. 4240151 for the mark GRAVITY DEFYER has been issued to plaintiff but do not admit the validity of that registration for lack of information and belief.  Defendants deny each and every other allegation of Paragraph 24 (including the allegation of "house mark") for lack of information and belief.

25.   Defendants admit that 15 U.S.C. § 1115 states that a trademark registration is prima facie evidence of the registrant's exclusive right to use the registered mark in commerce, but deny each and every other allegation of paragraph 25 for lack of information and belief.

26.   Defendants deny Paragraph 26 for lack of information and belief.

27.   Defendants lack information as to when plaintiff became aware of

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

anything and deny that portion of Paragraph 27 for lack of information and belief. Defendants deny all allegations of Paragraph 27 as to alleged use of "G DEFY" and aver that the allegations are contradicted by Exhibits B-D.  Defendants aver that Exhibit C appears to be print-outs of web pages but show a URL on the upper-right of the pages, whereas URLs typically appear on the bottom-left of web page print outs, and therefore Exhibit C may not be true and correct printouts of the web pages they purport to be.

Under Armour admits that it uses the mark Micro G® in connection with foam used in certain of its running shoes; and denies plaintiff's innuendo of what Exhibit B states, and avers that the words on Exhibit B speak for themselves; and in other respects Under Armour lacks information as to the genuineness and source of Exhibit B and denies for lack of information and belief that it caused Exhibit B or a third party caused it.  Under Armour lacks information as to the genuineness of the various pages of Exhibit C or what those pages are and therefor deny that they are online advertising by others for lack of information and belief.  Under Armour denies for lack of information and belief that the entirety of Exhibit C are the other defendants' online advertising.  Under Armour and all other Defendants deny that the mark "G DEFY" appears on packaging of Under Armour shoes, and aver that Exhibit D speak for itself.

Finish Line, for itself only, admits that page 13 of 23 (Page ID #503) in Exhibit C appears to be a print out of search results on its website when the term "g defy" is entered as the search term; but denies that it is online advertising and denies all other allegations of Paragraph 27.

Foot Locker, for itself only, admits that page 14 of 23 (Page ID #504) in Exhibit C appears to be a print out of search results on its website when the term "g defy" is entered as the search term; but denies that it is online advertising and denies all other allegations of Paragraph 27.

Nordstrom, for itself only, admits that page 15 of 23 (Page ID #505) in

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1 Exhibit C appears to be a print out of search results on its website when the term "g

2 defy" is entered as the search term; but denies that it is online advertising and

3 denies all other allegations of Paragraph 27.

4     Dick's, for itself only, admits that page 16 of 23 (Page ID #506)  in Exhibit C

5 appears to be a print out of search results on its website when the term "g defy" is

6 entered as the search term; but denies that it is online advertising and denies all

7 other allegations of Paragraph 27.

8     Champs Sports, for itself only, denies all other allegations of Paragraph 27

9 for lack of information and belief.

10     Sport Chalet, for itself only, admits that page 17 of 23 (Page ID #507) in

11 Exhibit C appears to be a print out of search results on its website when the term "g

12 defy" is entered as the search term; but denies that it is online advertising and

13 denies all other allegations of Paragraph 27.

14     Zappos IP and Zappos Retail, for themselves only, admit that page 19 of 23

15 (Page ID #509) in Exhibit C appears to be a print out of search results of the

16 Zappos.com website when the term "g defy" is entered as the search term; but

17 denies that it is online advertising and denies all other allegations of Paragraph 27.

18     BackCountry.com, for itself only, admits that page 20 of 23 (Page ID #510)

19 in Exhibit C appears to be a print out of search results on its website when the term

20 "g defy" is entered as the search term; but denies that it is online advertising and

21 denies all other allegations of Paragraph 27.

22     Rogan's Shoes, for itself only, admits that page 21 of 23 (Page ID #511) in

23 Exhibit C appears to be a print out of search results on its website when the term "g

24 defy" is entered as the search term; but denies that it is online advertising and

25 denies all other allegations of Paragraph 27.

26     Road Runner Sports, for itself only, admits that page 22 of 23 (Page ID #512)

27 in Exhibit C appears to be a print out of search results on its website when the term

28 "g defy" is entered as the search term; but denies that it is online advertising and

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    denies all other allegations of Paragraph 27.

2         MonkeySports, for itself only, admits that page 23 of 23 (Page ID #513) in

3    Exhibit C appears to be a print out of search results on the LacrosseMonkey.com

4    website when the term "g defy" is entered as the search term; but denies that it is

5    online advertising and denies all other allegations of Paragraph 27.

6         Holabird, for itself only, admits that page 24 of 26 (Page ID #514)  in Exhibit

7    C appears to be a print out of search results on its website when the term "g defy" is

8    entered as the search term; but denies that it is online advertising and denies all

9    other allegations of Paragraph 27.

10        Eastbay, for itself only, lacks information as to the genuineness of the various

11   pages of Exhibit C or what those pages are and therefor deny that they are online

12   advertising by others for lack of information and belief.  Eastbay also denies all

13   other allegations of Paragraph 27.

14        28.    Defendants deny each and every allegation of Paragraph 28.

15        30.    Under Armour denies Paragraph 29.  Defendants, with the exception

16   of Under Armour, deny Paragraph 29 for lack of information and belief.

17        29.    Defendants deny Paragraph 30.

18        31.    Defendants incorporate by reference the responses contained in

19   Paragraphs 1 through 30 of this Answer.

20        32.    Defendants deny Paragraph 32.

21        33.    Defendants deny Paragraph 33.

22        34.    Defendants deny Paragraph 34.

23        35.    Defendants incorporate by reference the responses contained in

24   Paragraphs 1-34 of this Answer.

25        36.    Defendants deny each and every allegation of Paragraph 36.

26        37.    Defendants deny each and every allegation of Paragraph 37.

27        38.    Defendants deny Paragraph 38.

28        39.    Defendants deny Paragraph 39.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

**AFFIRMATIVE DEFENSES**

40.     Plaintiff is equitably precluded from asserting infringement by these Defendants because of Plaintiff's prominent and material use of its trademarks as a material element of false, misleading and unlawful advertising and promotional material, making unsubstantiated and false claims about the products that are materially associated with Plaintiff's marks, misrepresenting its date of first use in commerce to the Patent & Trademark Office "PTO") in Plaintiff's application to register the mark G DEFY, and not disclosing to the PTO the material fact that Plaintiff's use of the mark G DEFY was and is unlawful.

41.     Plaintiff's claim is barred by the doctrine of unclean hands.  Plaintiff prominently used its trademarks, including G DEFY and GRAVITY DEFYER, as a material part of advertising the products associated with the marks.  Such advertising was and is false, misleading, and unsubstantiated, and was and is thereby unlawful.  Plaintiff's marks G DEFY and GRAVITY DEFYER were an integral part of the advertising, and the false claims made in the advertising were and are material to the trademarks.  Plaintiff made misrepresentations to the Patent & Trademark Office in Plaintiff's application to register the mark G DEFY.  Such misrepresentations include the date of first use in commerce and the implied representation of its use in commerce (whenever it began) was lawful.  Further, by using its mark in false, unlawful advertising, Plaintiff did not make lawful use of its trademark and did not acquire trademark rights by way of that unlawful use.

42.     Plaintiff failed to mitigate any damage (if it suffered any).

43.     If either of Under Armour, Finish Line, Foot Locker, Nordstrom, Dick's, Champs Sports, Sport Chalet, Zappos IP, Zappos Retail, Rogan's Shoes, BackCountry.com Road Runner Sports, MonkeySports, Holabird, or Eastbay infringed or violated any rights of Plaintiff, each was without knowledge that any use was likely to cause confusion or mistake or deceive.  If there was infringement or a violation, each Defendant was an innocent infringer or innocent violator.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

44.     Plaintiff represented to the Court that it would dismiss "small sellers." Holabird Sports sold 11 units through the internet and 7 units in its stores, Rogan's Shoes sold 3 units through the internet and 271 units in its stores, Backcountry.com sold 81 units through the internet, Nordstrom sold 145 units through the internet and 10 units in its stores, Sport Chalet sold 10 units through the internet and 234 units in its stores, Dick's Sporting Goods sold 302 units through the internet.

Wherefore, Defendants pray for judgment:

1.     That Plaintiff takes nothing by way of its Complaint;

2.     For costs of suit;

3.     That by reason of Plaintiff's groundless case and/or vexatious conduct this case be found exceptional and Defendants awarded their attorney's fees; and

3.     For other and further relief as the Court may deem just and equitable.

DATED:  April 28, 2014          ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Arnold E. Sklar
   ARNOLD E. SKLAR
   ALAN J. HART

   ALLAN E. ANDERSON
   ARENT FOX LLP

   Attorneys for Defendants UNDER ARMOUR, INC.; FINISH LINE, INC.; FOOT LOCKER, INC.; NORDSTROM, INC.; DICK'S SPORTING GOODS, INC.; CHAMPS SPORTS; SPORT CHALET, INC.; AMAZON.COM, INC.; ZAPPOS IP, INC.; EASTBAY, INC., HOLABIRD SPORTS, LLC., BACKCOUNTRY.COM, INC.; ROGAN'S SHOES, INC.; ROAD RUNNER SPORTS RETAIL, INC.; MONKEYSPORTS, INC.; and

# DEMAND FOR JURY TRIAL

Defendants UNDER ARMOUR, INC. ("Under Armour"), FINISH LINE, INC. ("Finish Line"), FOOT LOCKER, INC. ("Foot Locker"), NORDSTROM, INC. ("Nordstrom"), DICK'S SPORTING GOODS, INC. ("Dick's), CHAMPS SPORTS ("Champs Sports"), SPORT CHALET, INC. ("Sport Chalet"), ZAPPOS IP, INC. ("Zappos"), ZAPPO RETAIL, INC. ("Zappos Retail"), BACKCOUNTRY.COM, INC. ("BackCountry.com"), ROGAN'S SHOES, INC. ("Rogan's Shoes"), ROAD RUNNER SPORTS RETAIL, INC. ("Road Runner Sports"), MONKEYSPORTS, INC. ("MonkeySports"), HOLABIRD SPORTS, LLC ("Holabird"), EASTBAY, INC. ("Eastbay") (collectively referred herein as "Defendants") hereby request trial by jury on all claims asserted that are triable by a jury.

DATED:  April 28, 2014                    ROPERS, MAJESKI, KOHN & BENTLEY

By: /s Arnold E. Sklar
_____
ARNOLD E. SKLAR
ALAN J. HART

ALLAN E. ANDERSON
ARENT FOX LLP

Attorneys for Defendants UNDER ARMOUR, INC.; FINISH LINE, INC.; FOOT LOCKER, INC.; NORDSTROM, INC.; DICK'S SPORTING GOODS, INC.; CHAMPS SPORTS; SPORT CHALET, INC.; ZAPPOS IP, INC.; ZAPPOS RETAIL, INC.; BACKCOUNTRY.COM, INC.; ROGAN'S SHOES, INC.; ROAD RUNNER SPORTS RETAIL, INC.; MONKEYSPORTS, INC.; HOLABIRD SPORTS, LLC; and EASTBAY, INC.